THOMAS GIFFORD *v.* C. BETTS.

A party who purchases and pays for a number of barrels of flour, warrented as "extra and superfine," having, upon their receipt, notified the vendor that a portion of them were of an inferior quality : *Held,* that as the vendor did not come forward and remove them, and pay back the purchase money, the purchaser had a right to sell them within a reasonable time, and recover from the vendor, any loss upon resale, together with all proper expenses : such as would reimburse him for his money expended, but not for any loss of a good bargain.

ASSUMPSIT, tried before *Logan, J.,* at January Special Term 1870, of MECKLENBURG Court.

The plaintiff showed that in March 1863, he had bought of the defendant 345 barrels of flour, 200 of which were then present; and that the defendant stipulated that the whole should be of the quality known to merchants as *extra* and *superfine*; that the price, $40 per bbl., was paid down, and defendant was to ship the flour to the plaintiff as fast as possible; that this was done, but that 66 bbls. of it proved to be *fine* only, and *shorts*; that he wrote to the defend-

GIFFORD *v.* BETTS.

ant giving him notice thereof, and on receiving no answer sent an agent to him with samples of the flour, and demanded back his money; that he notified the defendant that if his demands were not complied with, he would sell the flour at auction, and require of him the difference; that he did so, and the flour brought $20 per bbl.; that he credited the defendant with this amount, deducting freight, storage, drayage, auctioneer's charges, &c.

This suit was for the balance.

There was no evidence of fraud upon the part of the defendant.

The defendant's counsel asked his Honor to charge that inasmuch as the plaintiff had accepted the flour after inspection, and ascertainment of its quality, he could not recover upon the special contract, as he had not declared upon any warranty, and no question of warranty had been submitted to the jury; also, that the plaintiff could not recover for freight, storage and other expenses attending the sale of the flour, which he had made his own by accepting, &c.

These instructions were refused.

Verdict for the plaintiff for $787 30. Rule for a new trial, &c. Appeal.

*Dowd,* for the appellant.

*Wilson, contra.*

DICK, J. The plaintiff purchased, and paid for, three hundred and forty-five barrels of flour, which were to be delived to him by the defendant, at Charlotte. At the time of the sale the defendant expressly "stipulated that the whole of the flour should be of the quality known to merchants as extra, and superfine." This stipulation amounted to an express warranty of the quality of the flour. The whole quantity reached Charlotte in due time, but upon in-

spection, sixty-six barrels proved to be of inferior quality. The plaintiff might have brought an action at once, founded upon this breach of warranty, without an offer to return the goods to the defendant, or giving him notice of his breach of warranty. Chit. on Con. 458 ; 2 Saund. Pl. & Ev. 916.

The plaintiff, however, preferred to notify the defendant immediately that the inferior flour was not accepted in discharge of the contract. As the defendant declined to remove the goods which were not of the quality warranted, and pay back the purchase money, the plaintiff had a right to sell them in a reasonable time, and recover from the defendant on the special contract, the loss upon the re-sale, and all proper expenses, so as fully to reimburse himself for money expended, but not for the loss of a good bargain. 1 Pars. Cont. 475.

PER CURIAM.                              Judgment affirmed.